Before you get started, I'll do this at the beginning of the argument. Just for the record there, as you were all in the courtroom. But Justice Cates is another member of this panel and she's unavailable today. But we'll be participating by listening to the audio and then discussing the matter with us before we issue our ruling. All right. If you're ready, you may begin. Good morning, your honors, counsel, and please the court. My name is Brian Carroll from the State Appellate Defender's Office, representing the appellant, Michael Wilhelm. I will be addressing the third argument raised in our brief regarding the criminal proceedings or lack thereof, though I'll be happy to field any questions about the other arguments raised in our brief. The Fourth District of the Appellate Court remanded this case specifically for the trial court to conduct crankle proceedings. And after the trial court determined that Wilhelm had made sufficient showing of possible neglect of his case by his trial counsel, under the well-established crankle procedure, Wilhelm was entitled to a full evidentiary hearing and a constitutional right to effective counsel to represent him on his claims. However, Wilhelm is still waiting for that evidentiary hearing due to the procedural mess created by the trial court and appointed crankle counsel erroneously converting the crankle proceedings into post-conviction proceedings. But while the procedural issues created below are messy, the solution is easy. This court need only reverse and remand for the trial court to conduct proper crankle proceedings to which Wilhelm is entitled and which the Fourth District instructed the trial court to conduct in the first place. So the Fourth District's mandate instructed the trial court to conduct crankle proceedings and nothing more and further instructed that any issues raising from those proceedings would be part of Wilhelm's direct appeal. And that mandate circumscribed the circuit court's jurisdiction on remand. And as laid out in detail in our opening brief, crankle proceedings and post-conviction proceedings are two very different things with different purposes, different procedures, and different standards. Crankle proceedings are a post-trial matter that are part of the criminal proceedings against the defendant, while post-conviction proceedings are a new collateral cause of action distinct from the criminal proceedings and distinct from the direct appeal. Because the appellate court mandate limited the trial court to conducting crankle proceedings, conducting post-conviction proceedings was beyond the court's authority. Accordingly, the trial court had no authority to entertain the amended post-conviction petition submitted by crankle counsel. By failing to conduct an evidentiary hearing as required by crankle and instead entertaining the erroneously filed post-conviction petition, the trial court violated the appellate court mandate requiring a remand. What is more, crankle counsel was ineffective for filing an amended post-conviction petition rather than pursuing the crankle evidentiary hearing because doing so was directly contrary to Williams' interests. Again, because the trial court concluded that Wilhelm had demonstrated possible neglect of his case, Wilhelm was entitled to a full evidentiary hearing under crankle. But counsel's actions snatched that hearing away from him. By treating Wilhelm's crankle claims as post-conviction claims, counsel provided the State with an opportunity to have the claims dismissed without an evidentiary hearing, and that's precisely what happened here. The whole point of counsel being appointed was to assist William at the evidentiary hearing, but instead of assisting with the hearing, crankle counsel inexplicably threw up additional procedural barriers that prevented the hearing from ever happening. This was objectively unreasonable for counsel to act against his client's interests. And it was prejudicial to Wilhelm because he was denied the evidentiary hearing to which he was entitled, and that denial of the hearing itself was prejudicial. In addition, it made it extremely difficult, if not impossible, for Wilhelm to ever try to revive these claims in the future because they would be barred by res judicata. In addition, it makes it very difficult for Wilhelm to ever raise any additional constitutional claims in a post-conviction petition because a future petition would be a successive petition which is subject to a much higher pleading standard than Wilhelm otherwise would have been subject to. So counsel's behavior and his conduct left Wilhelm in a much worse position than he otherwise would have been in. So whether you place the blame on the trial court, crankle counsel, or more accurately on both, the same remedy is required. This court should remand for proper crankle procedures with the appointment of new crankle counsel. So unless Mr. Judge has any questions. What do you think if we remand this back for new crankle hearing, what do you think would be able to be presented that wasn't presented at the hearing the court did conduct? We don't know because... Well, we know that the trial counsel, we know that the newly appointed counsel spent I think two and a half years combing through the record trying to find issues of attorney neglect or misconduct and this is what he came up with. So, I mean, he spent two and a half years looking. What do you think would be able to be presented that wasn't presented already? Again, it's the Wilhelm was entitled to a hearing, so he should get that hearing. It's analogous to when trial counsel is ineffective for failing to perfect a notice of appeal. It's the denial of the ability to appeal that's prejudicial. The defendant's not required to make any further showing that the appeal would have been successful. And also, in this case, as we argued in argument four, not only did counsel mess up by changing the crankle proceedings into post-conviction proceedings, he messed up the post-conviction petition too by failing to provide necessary supporting documents and affidavits for that claim. So we don't know. We can't say on this record definitively that a hearing would have no basis. And under the law, Wilhelm is not required to show that the hearing ultimately would be successful. So in his post-conviction petition, he made allegations of ineffective assistance to counsel. He laid out what he thought was lacking, and that was addressed by the trial court. So I'm not sure what's going to happen if we send this back again. What's going to happen different? How are your clients going to get any more information provided or any more arguments made or anything further than has already been presented? Well, two things. One, if you send this back before, hopefully he would be represented by competent counsel, not ineffective counsel. Two, the trial court's ruling on the pleadings was simply that, a ruling on the adequacy of the pleadings. It's not a ruling that there still may be evidence out there that if presented at an evidentiary hearing, might conclusively establish the defendant's claims. But the ruling on the pleading is simply that the defendant didn't make a substantial showing of that in his pleading. And again, here it is undisputed that Wilhelm had made a sufficient showing to be entitled to an evidentiary hearing under Krankel. He didn't get that at Krankel, or that evidentiary hearing, and this court should fix it. So I see my time is almost up. We just ask this court to remand for proper Krankel proceedings and the additional requests for relief raised in the other arguments in the opening brief. Thank you. Okay, thank you. Your time is up. Ms. Keller. Good morning, again, Your Honors. May it please the Court. Myles Kelleher on behalf of the people. The trial court complied with the appellate court's mandate on remand, and the trial court never exceeded its jurisdiction. As directed by the Fourth District Appellate Court, the trial court conducted a preliminary Krankel inquiry into the defendant's pro se claims of ineffective assistance of trial counsel. And after finding possible neglect, the trial court appointed a new counsel to represent the defendant in his claims of ineffective assistance of trial counsel. Does it seem clear that the newly appointed counsel did not understand the difference between a Krankel hearing and a post-conviction petition hearing? They kind of merged them into one hearing, right? Well, it was only two years, more than two years later, that counsel decided to file a post-conviction proceeding and proceed under that act. I mean, he reported periodically to the court that, I've been trying to get witness statements, they're not cooperating, they're saying different things, or they're not cooperating. I mean, he reported periodically to the court. Exactly, and those are all significant. But doesn't that also show that he didn't really understand the difference in the hearings and he kind of combined them into one hearing? So what's the effect of that? Is that improper in and of itself, or is that something we can overlook? Not in this situation, Your Honor. And, you know, each case has to be reviewed on its individual facts. But in this situation, it essentially proceeded as a Krankel hearing up until the point that counsel decided to file a post-conviction proceeding. But in any event, regardless, Defendant got exactly what he wanted, and that was a thorough investigation of his claims of ineffective assistance of trial counsel by an independent appointed counsel. And ultimately, Defendant could not provide any documentation or affidavits to support his claims, and ultimately the trial court found those claims to be meritless, not because of anything that counsel had done, but simply because the underlying claims were meritless. And it's important, during those two intervening years, counsel, appointed counsel, kept the trial court abreast of his diligent efforts to try to, you know, get some documentation or get any type of help that would somehow bolster or help Defendant's underlying claims. And I just want to point out a few significant comments that this was appointed counsel Brown that he made to the trial court. At one point he says, A lot of things Defendant wanted me to look into haven't quite materialized the way he's wanting them to. I need to set up a call with him and see what he wants me to pursue versus what he's willing to let go at this point. On another occasion, appointed counsel advises the trial court, Defendant said someone would bring documentation to my office. They have not. There's been a lot of continuances for him to get me things that he has not gotten. So counsel is, you know, diligently waiting, trying to get Defendant basically saying, Hey, if you want to, if you have claims that, you know, trial counsel should have called additional witnesses which might have somehow shown that he wasn't at the house during certain periods of time when these sexual assaults occurred, it's Defendant's burden to give counsel the name of that potential witness, contact information, and then see if that potential witness is willing to supply a document. And as a candidate, that might be favorable. None of that occurred in this case. What's wrong with holding appointed counsel's feet to the fire and saying, The Fourth District sent this back for a crankle hearing. Limit your activity to a crankle hearing and do this right. Send it back and do it. What's wrong with saying that? Because appointed counsel fulfilled all the requirements that the Fourth District mandated, and that was to, first of all, trial court, as I mentioned, had the preliminary inquiry, decided to appoint counsel. That's what I'm trying to ask, I guess. Right. Did he really fulfill all the duties when he called it a post-conviction petition? It's not really a crankle hearing if he filed it in the posture of a post-conviction petition that has different rules and different standards and different... Suppose two years later, counsel didn't file a post-conviction proceed. At that point, or shortly thereafter, the trial court would have made a ruling and found the defendant's claims of ineffective assistance of counsel meritless and unsubstantiated for the very same reason that the trial court ultimately dismissed the state's motion to dismiss. Because... Well, I guess the whole question is if the hearing is going to be the same, just call it a different name. I don't want to waste judicial time and waste the trial court's time and waste appointed counsel's time doing the exact same hearing all over again. Do we have the authority even to say what you did is okay when you call it a PC petition when you were supposed to do a crankle hearing? Can we say... He said we don't have jurisdiction to consider it in the current posture. We have to send it back to him and clean it up. Do we have jurisdiction to... Well, I submit that when you look at what the trial court did in appointing new counsel and then appointing counsel's two years of investigation, at that point, the mandate of the trial court, or appellate court, I'm sorry, was satisfied. Now, because... That was two years of investigation where the hearing in front of the court on the results of that investigation... Right. Had counsel not filed the post-conviction petition, it would have proceeded to a hearing, not necessarily an evidentiary hearing because there were no witnesses to call. The defense wasn't able to muster any evidence, any witnesses that would have testified at an evidentiary hearing. But what's concerning is your statement, how you said that. After two years, had he not filed a post-conviction plea, it would have, the court would have proceeded to a hearing... Yes. ...indicating that there wasn't a hearing, there was not a crankle hearing. There was a crankle procedure. There wasn't a formal hearing. However, under the circumstances of this case, and it's a unique situation, I submit there was no error. However, if there was error, it was invited error because the defense chose to proceed in one manner, and ultimately that was their decision. And, you know, it's well regarded. I mean, it's well established that the defense may not request to proceed in one manner and then contend on appeal that the course of action was error. That would offend all notions of fair play. It would basically give the defense a benefit. In any case, let's say a defense counsel feels like, oh, gosh, I'm going down in this crankle hearing. I'm going to inject error into the proceeding. I'm going to file a post-conviction petition, and maybe the public court will reverse, and I'll get another chance. Of course, the law doesn't allow that. That's invited error. So if any error occurred in this case, it was invited because the trial court didn't direct counsel to file a post-conviction petition. Counsel decided to proceed by that avenue, and ultimately there's absolutely no prejudice to the defendant here, and that's what we care about the most. Was defendant prejudiced in any way? He got an ample opportunity to have his claims of ineffective assistance of counsel fully investigated by appointed counsel, and the counsel did a thorough, diligent job, but because defendant wasn't able to provide any evidence, ultimately the trial court dismissed the claims, and that wasn't because of any deficient performance by appointed counsel. It was simply because the claims were meritless. They would have failed under Kregel. They would have failed under the Post-Conviction Hearing Act. There was nothing. Defendant didn't name any potential witnesses. He suggested, well, counsel should have, you know, attached a copy of the Petition for Dissolution of Marriage or a court docket from Macon County about the divorce case, but, you know, those documents wouldn't have helped defendant's case because they only accounted for a portion of the time period set forth in the charges, and the trial court was well aware of that, even noted that. Defendant had ample opportunity to commit all three of these sexual offenses that were charged before the dissolution of marriage or before the defendant was on electronic home monitoring, so there's absolutely no, you know, unfortunately for defendant, this is a case where, you know, there was nothing more counsel could have done. He tried his best, and sometimes that's just the case, but defendant got a full hearing. He got his chance to have his claims fully investigated by counsel, and ultimately they were rejected by the trial court. So if I may hear. Let me ask you one more question. I know your time's up, but I can give you more time. Thank you very much. With regard to what the mandate from the Fourth District Court was, if it sent the case back for a criminal hearing and retained jurisdiction on all the other matters, did the trial court go beyond the mandate then in hearing the post-conviction matter? Your Honor, as the court also often, or as the law often requires, this is a case of substantial compliance. The trial court substantially complied with the, if there was any change, the trial court did what I submit a power court asked. It was only up until the point where defendant, by his own choosing, chose to have his claims ultimately decided under the Post-Conviction Hearing Act. So that was defendant's decision. It's not any error by the trial court. Well, the defendant may decide to do a lot of different things, but if the court doesn't have jurisdiction to do what the defendant wants, so I guess that's the question. Did the trial court have jurisdiction to hear that further matter after the mandate was specific to a criminal hearing? Yes, the trial court did have jurisdiction because it was remanded. The trial court complied with remand. The trial court could have dismissed this case at the time defendant filed his post-conviction hearing. At that point, the defense had not submitted any evidence that would have somehow supported defendant's underlying claims of ineffective assistance with trial court. So there's absolutely no reason to think that somehow the trial court would have ruled in defendant's favor had the defense not filed the petition for post-conviction, and I submit that's something this court should consider in deciding this case. Ultimately, if any error occurred here, there is no prejudice to defendants, so this would fall under the category of houndless error if any error occurred, Your Honors. And there's no depriving. The trial court never lost its jurisdiction. It had jurisdiction to decide to ultimately dismiss this case at the second stage of post-conviction hearing, just like it would have dismissed this case had counsel not filed the petition. The bottom line is defendant's underlying claims were meritless, and the case was going to be dismissed, and defendant has not shown otherwise. Okay. So? Can I have one other question, if I may be allowed that? Sure. I'm kind of sympathetic to what you're saying, except for one thing that you are saying that gives me pause. If you were standing there saying a crankle hearing was held and his claims failed, I get that, but I heard you say a minute ago, if a crankle hearing had been held, they would have still failed. I don't know if that's a slip of the tongue, or is that the way you meant to say it? I mean, there's supposed to be a crankle hearing. I mean, you say if one would have been held, he would have still lost. That gives me pause. Your Honor, I was talking about an evidentiary hearing where witnesses were called. And in this case, there was not going to be an evidentiary hearing one way or another because defendant had no witnesses to call. So I submit that this was a crankle hearing in that defendant, the trial court investigated, did the preliminary inquiry, ultimately appointed new counsel, and had counsel investigate defendant's claims. So that satisfied the requirements of crankle. So I submit that, you know, it's not so much the terminology here. It's that crankle is designed to give the defendant an opportunity to have his claims of ineffective assistance of counsel heard by the trial court and, if necessary, appointed an independent counsel to investigate those claims. And that's exactly what happened here. Defendant got ample representation, diligent representation here. Thank you for answering my question, sir. Thank you.  You're welcome. For all these reasons, the people requested this Honorable Court affirm defendant's convictions and sentence. Thank you. Thank you. Counsel? Well, first, as a matter of jurisdiction, we still maintain that the court did not have jurisdiction to entertain post-conviction matters. The Fourth District remanded for crankle proceedings, which were part of the original criminal proceedings. Post-conviction proceedings are outside the original criminal proceedings. So let me stop you, and let's go back to what you're saying. Sir, opposing counsel. I'll just point it out. The crankle hearing, I mean, there was a preliminary hearing. An appointment was made. That attorney investigated it for two and a half years, looking for evidence to support defendant's claim. Is that enough? No, Your Honor. What's required? An evidentiary hearing. Under the crankle proceeding, an evidentiary hearing was required. So what would the hearing be in effect? Paint a picture of what the evidentiary hearing would be like under these circumstances if there were no evidence. Well, if there was no evidence, then we don't know if there would be no evidence. We kind of did looking forward to the court periodically during that two years. I've been looking. I can't find anything. Well, again, given that appointed counsel didn't know the difference between crankle proceedings and post-conviction proceedings, and also didn't know what was required of, as we argued in Argument 4, didn't know what was required of him in the post-conviction proceedings, we should have no confidence in that he actually did conduct a proper investigation into his claims. All we have is his self-serving comments to the judge, which disturbingly threw his client under the bus to explain why he needed additional continuances. And he's arguing, well, he's supposed to get me things. He's supposed to get me things. Well, it was counsel's duty to investigate. Well, he's in the penitentiary. He was required, reliant on his appointed counsel to get the evidence for him. So, no, what we have on the record does not establish that an evidentiary hearing would have been pointless. And, again, he doesn't have to show that an evidentiary hearing would have been successful. It was the denial of the hearing itself was prejudicial. And it's undisputed he did everything he needed to do to get an evidentiary hearing under Krankel. The State doesn't dispute that. But he didn't get that hearing. And that's the problem. So whether you throw the blame on trial court or Krankel counsel, this Court should fix the problem and get him his evidentiary hearing. Otherwise, this is just going to go to successive petitions and additional appeals. So affirming here is not going to help judicial economy. It's just going to create more post-conviction petitions down the line. And it's going to be going up and down again for years. So the easiest thing, the cleanest thing, and more legally accurate thing to do is say, the Fourth District told you to do this. You didn't do this. Do it again, but do it correctly at the end. So those reasons we ask this Court to remand for a proper Krankel proceeding and for the additional relief asked for in the other issues raised in our brief. Thank you. Well, I can say I do appreciate your one, two, three summation there. That was concise. Thank you. All right. So thank you both for your briefs and our interview today. The Court will take the matter into consideration and issue its ruling in due course.